This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38981**

**WILLIAM GARDNER, D.D.S.,**

   Petitioner-Appellant,

v.

**NEW MEXICO BOARD OF DENTAL HEALTH CARE,**

   Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Judge**

Hughes Law Firm, LLC
Robert M. Hughes
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Sally Malavé, Assistant Attorney General
Christopher Moander, Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Dr. William Gardner appealed following the district court's entry of an order declining to stay the enforcement of an administrative licensing decision that had been rendered by the New Mexico Board of Dental Health (the Board), and upholding the Board's actions. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Dr. Gardner has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     In the notice of proposed summary disposition we addressed the issues identified in the docketing statement, without discussing the history of the proceedings at length. However, the narrow focus of the memorandum in opposition persuades us that a more thorough description of the relevant background is necessary.

**{3}**     The underlying administrative proceedings commenced after a former patient filed a complaint. [RP 9] The Board issued a notice of contemplated action (NCA), [RP 10] and administrative proceedings on the merits followed in accordance with relevant statutory authorities. *See* Dental Health Care Act, NMSA 1978, §§ 61-5A-1 to -30 (1994, as amended through 2022); Uniform Licensing Act, NMSA 1978, §§ 61-1-1 to -37 (1957, as amended through 2022). Ultimately, the Board determined that Dr. Gardner was grossly negligent, that he had failed to provide medical records when they were requested, and that he had overbilled, all in violation of his professional and ethical duties. [RP 9-11] The Board therefore ordered Dr. Gardner to complete twenty-four hours of in-person educational course work by April 2, 2018, and to pay approximately $6,000 in penalties and costs. [RP 12]  Proof of compliance was required. [RP 12] The decision further specified that his license would be automatically suspended if he failed to comply, and that a show cause hearing would ensue in which additional disciplinary action could be taken, including license revocation. [RP 12] Dr. Gardner appealed that decision to the Second Judicial District Court, in a separate action designated D-202-CV-2017-08564.

**{4}**     Dr. Gardner failed to comply. [RP 64] As a result, the Board suspended his license. [RP 49] It also issued an order to show cause in mid-April 2018 requiring him to appear at a hearing and warning him that he faced the prospect of license revocation. [RP 65-66] However, prior to the scheduled hearing the parties arrived at an agreement allowing Dr. Gardner to retain his license while the dispute was pending adjudication in district court. [RP 50, 93-95] However, the terms of that agreement required Dr. Gardner to deposit funds into a trust account and to complete the requisite course work no later than July 20, 2018, unless Dr. Gardner prevailed on appeal. [RP 50, 93-95] That agreement once again specified that his license would be summarily suspended in the event that he failed to comply, and that a show cause hearing would ensue, which could result in license revocation. [RP 95]

**{5}**     On July 16, 2018, the district court rendered its decision in D-202-CV-2017-08564, rejecting all of Dr. Gardner's arguments, upholding the Board's decision in its entirety, and declining to issue a stay. [RP 97-109]

**{6}**     At that juncture Dr. Gardner had failed to fulfill his disciplinary obligations, and the deadline passed. [RP 111-12] Pursuant to the terms of his agreement with the Board, he faced the automatic suspension and possible revocation of his license. A show cause hearing was set for August 2018 precisely as the agreement specified. [RP 95] Although Dr. Gardner did not appear, his attorney did, and his license was suspended. [RP 50-51] However, the Board once again indicated that it would consider lifting the suspension, if Dr. Gardner would submit proof that he had completed appropriate coursework. [RP 50] He failed to do so. [RP 50-52]

**{7}** In an effort to forestall enforcement, Dr. Gardner filed a motion with this Court seeking an "emergency stay" in a matter designated A-1-CA-37511, which was denied.[1] Shortly thereafter Dr. Gardner filed a petition for writ of certiorari with this Court in a matter designated A-1-CA-37545, seeking further appellate review following the district court's rejection of his arguments in D-202-CV-2017-08564. While that petition was pending Dr. Gardner filed the underlying action in the Thirteenth Judicial District Court, seeking a TRO and/or preliminary injunction preventing the Board from taking further action in regard to the suspension and/or revocation of his license. [RP 1-43] The district court granted the requested TRO, thereby temporarily setting aside the suspension of his license, and set the matter for hearing. [RP 46] The Board promptly responded in opposition to Dr. Gardner's petition. [RP 49-54]

**{8}** Shortly thereafter the parties arrived at yet another agreement, which was memorialized in a stipulated order dated October 11, 2018. [RP 121-23] Dr. Gardner agreed to complete the required coursework by a specified date, and to supply verification of attendance. [RP 121-23] Additionally, the parties clearly and unequivocally stipulated that "The Board may suspend Dr. Gardner's license in the event the terms of the settlement agreement are not met." [RP 122]

**{9}** At that juncture the Board moved to dismiss the underlying proceedings, contending that Dr. Gardner's Rule 1-074 NMRA appeal was the only appropriate avenue of attacking the final administrative action. [RP 124-33] In response Dr. Gardner suggested that the Rule 1-074 appeal and the filing of the petition for writ of certiorari should have stayed any enforcement effort by the Board, asserted that he was unable to find any courses that would satisfy the continuing education requirement, and suggested that the district court retained equitable jurisdiction to intervene, notwithstanding the parallel appellate proceedings. [RP 139-44] In reply the Board reiterated its argument that the Rule 1-074 appeal and ensuing petition to this Court were Dr. Gardner's sole recourse; and it contended that any exercise of authority pursuant to equity would be improper because Dr. Gardner had an adequate remedy at law. [RP 148-58]

**{10}** On November 28, 2018, this Court exercised its discretion to deny Dr. Gardner's petition for further appellate review in A-1-CA-37545. Dr. Gardner filed a similar petition with the New Mexico Supreme Court, which was also denied, in a matter designated S-1-SC-37449.

**{11}** The district court declined to dismiss, [RP 191] and accordingly, the matter proceeded to an evidentiary hearing on the merits. [RP 331] Ultimately, the district court entered an order denying Dr. Gardner's petition for injunctive relief as "without merit," upholding the actions of the Board, and declining to exercise equity jurisdiction. [RP 332] The instant appeal followed. [RP 334]

---

1We take judicial notice of our records in this and other related matters. *See Lopez v. LeMaster*, 2003-NMSC-003, ¶ 32, 133 N.M. 59, 61 P.3d 185 (recognizing this Court's authority to take judicial notice of its records).

**{12}** In his docketing statement Dr. Gardner contended that the district court erred in rejecting his challenge to the manner in which the Board proceeded with enforcement of its disciplinary decision. For reasons previously described in the notice of proposed summary disposition, [CN 2-4] we perceive no merit to the challenge.

**{13}** In his memorandum in opposition Dr. Gardner specifically and exclusively argues that the Board's original disciplinary decision and order, rendered in November 2017 contemplated a hearing in the event of his failure to comply, that the Board failed to conduct such a hearing, and that he is entitled to relief as a consequence of this deficiency. [MIO 1-5] We find this argument to be unpersuasive, for several reasons.

**{14}** First, the plain language of that disciplinary decision and order made clear that non-compliance would result in the *automatic* suspension of his license. [RP 12] That is precisely what transpired.

**{15}** Second, the stipulated agreements which the parties subsequently entered similarly made clear that license suspension would automatically follow from continued non-compliance. [RP 93, 122]

**{16}** Third and finally, in view of the evolving situation and the Board's repeated attempts to accommodate Dr. Gardner's chronic noncompliance, he could not be said to have been denied due process of law. S*ee State ex rel. Child. Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶ 12, 139 N.M. 459, 134 P.3d 746 ("The amount of process due depends on the particular circumstances of each case because procedural due process is a flexible right."). As the district court observed in its final order, [RP 332] the Board went to significant lengths to communicate and deal fairly with Dr. Gardner. He was clearly on notice of the requirements, and he was given ample and repeated opportunities to explain and/or attempt to mitigate his failure to comply. We are unpersuaded that more was required to satisfy due process.

**{17}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{18} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**